IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK H. BANKS; VAMPIRE NATION; HEXAGON LLC.; HEXAGON RECORDS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 04-1771 Judge William L. Standish/ |
| 3311 EAST CARSON STREET; PAUL HULL; BRENDAN T. CONWAY; MARY BETH BUCHANAN; TIMOTHY PIVNICHNY; JOHN DOE; ERIC STROM; DAVID ANDERCHAK; JOHN WISNIEWSKI; CYNTHIA REED EDDY; TORSTEN OVE; JOHNSON & EDDY; PITTSBURGH POST GAZETTE; U.S. POST OFFICE; DEPARTMENT OF JUSTICE; UNITED STATES OF AMERICA; THOMAS M. HARDIMAN; DAVID CHOBIT; J. SNYDER; 950 SECOND AVENUE; COUNTY OF ALLEGHENY, PENNSYLVANIA; RAMON RUSTIN; CALVIN LIGHTFOOT; FRED ROSMEYER; ROCKY FOWLER; MARY C. RUBIN; HEENE; ALBERT DEVLIN; and DAN ONORATO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Amy Reynolds Hay |
| Defendants. | ) ) | |

## **MEMORANDUM ORDER**

AND NOW, this 26th day of October, 2005, upon consideration of the Plaintiffs'

Motion for Leave to File Second Amended Complaint, IT IS HEREBY ORDERED that the

Motion is DENIED. The materials submitted as the proposed Second Amended Complaint are

denominated by Plaintiff as "supplemental additions," which this Court previously struck as

improper and which purport to add claims and parties to the case. As such, these "supplemental additions" constitute neither a proper "amendment" nor "supplement" to the amended complaint within the meaning of Fed.R.Civ.P. 15.

In effect, Plaintiffs seek to join a host of additional defendants and unrelated claims in violation of Fed.R.Civ.P. 20. Pursuant to Rule 20 of the Federal Rules of Civil Procedure, defendants may be joined in a single action only where certain requirements have been met. Specifically, Rule 20 provides in relevant part that:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a). The purpose of Rule 20 "is to entertain the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged. Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974)(quoting United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966)." Directv v. Loussaert, 218 F.R.D. 639, 641-42 (S.D. Iowa 2003). However, not every joinder of parties necessarily comports with Rule 20. As explained by one court, "Rule 20(a) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; and (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread)." Intercon Research Associates, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1982). Moreover Rule 18, which permits joinder of multiple claims against a party does not trump Rule 20's requirements because "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim

to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Wright & Miller: Federal Prac. & Proc. § 1655 (2001).  Accord Intercon, 696 F.2d at 56-57.

Plaintiffs' purported Second Amended Complaint seeks to join a host of additional defendants and distinct and disparate events that span beyond one year's time.  The proposed Second Amended Complaint alleges, *inter alia,* claims against members of the Allegheny County Jail Oversight Board regarding plaintiffs' claims of current health and safety violations at the Allegheny County Jail, to allegations against staff attorneys in the United States Attorney's Office for actions taken in response to an interlocutory appeal filed by plaintiff Banks in connection with his criminal case, to allegations against private individuals who allegedly intervened in an appeal plaintiff Banks took to the district court from the dismissal of an adversary proceeding in bankruptcy court.  As is evident from the many and disparate claims and defendants, neither of Rule 20's two requirements is met in Plaintiffs' Second Amended Complaint.  Accordingly, the court finds Plaintiffs' attempt to join so many claims against so many defendants which are unrelated, in one suit, would violate Rule 20.  Of course, nothing in this Order precludes Plaintiffs from filing proper individual suits.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to the district judge assigned to the case pursuant to Rule 72.1.3B.  Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc: Frederick H. Banks
120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

VAMPIRE NATION and
HEXAGON LLC
Post Office Box #42303
Pittsburgh, PA 15203

Megan E. Farrell
Assistant United States Attorney
United States Attorney's Office
700 Grant Street
Suite 400
Pittsburgh, PA 15219