IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BANKS; VAMPIRE NATION, | ) | |
| HEXAGON LLC & HEXAGON RECORDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1771 |
| | ) | JUDGE LANCASTER |
| 331 EAST CARSON STREET; et al., | ) | MAGISTRATE JUDGE HAY |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the Federal Defendants' motion for summary judgment  (Docket #67) be granted, and that plaintiff's cross-motion for summary judgment (Docket #72) be denied.

II.    REPORT

Frederick Banks and his co-plaintiff "organizations" seek through the amended complaint filed in this case damages in the amount of $75 billion (Docket #24).  Named as defendants are the prosecutors, investigative agents, judges, and court staff involved in one completed and one pending federal prosecution of Frederick Banks.  Banks also names numerous current and former employees of the Allegheny County Jail as defendants.  Finally, the amended complaint names as defendants a private attorney, her law firm, the Allegheny County Chief Executive, a local newspaper, the United States Post Office, the Department of Justice, the United States of America and, oddly, two "commercial building-structure[s]" and a parking lot.  It is alleged that "the defendants acting as investigators, administrators and other[s] implemented personal and official policies and procedures and trickery that violated the

plaintiff[']s constitutional and due process rights . . .." (Docket #24 at 2).  It is further alleged that

"defendants implemented procedure at the [A]llegheny [C]ounty [J]ail and federal courthouse . .

. " and that they "obstructed the equal and impartial course of justice because of the plaintiff[']s

class based status in [P]ennsylvania as an African American." (Id.).

   The Amended Complaint is organized into "Parts" lettered "A" through "G".  Part

A describes alleged "investigative illegalities" relating to Banks' October, 2004 federal

conviction.  Prosecutors are alleged, for example, to have charged Banks in superceding

indictments which resulted in Banks receiving twice the sentence of imprisonment he would

otherwise have received (Id., at 3-4).  In Part B, defendant FBI agents are alleged to have

illegally seized and tampered with equipment from Banks' apartment and to have lied to the

grand jury about how Banks used the equipment to commit crimes (Id., at 4-5).  Banks asserts

that he proved the equipment could not have functioned as the prosecutors asserted, but that his

defense was rejected (Id., at 5-6).  The next section, Part C, describes how Banks' fiancé  was

convinced by her attorney and by prosecutors to cease associating with Banks and, in fact, to

testify against him during criminal proceedings (Id., at 6-7).  Part D focuses on an alleged illegal

arrest and search conducted by defendant postal inspectors, and Banks asserts that the evidence

seized was improperly used against him at trial (Id., 7-8).  In Part E, defendants United States

Attorney Buchanan and her Assistant United States Attorneys are alleged to have defamed

plaintiff's character by making misleading statements to the press related to Banks' prosecution

on criminal charges (Id., ,at 8-9).  Part F contains allegations that conditions at the Allegheny

County Jail are substandard, and is irrelevant to the motions before the court.  The final portion

of the complaint, Part G, is entitled "Liberty Rogues" and contains allegations that United States

District Judge Thomas Hardiman and members of his chambers staff engaged in various acts prejudicial to Banks during Banks' criminal trial (Id., at 10-11).

The Federal Defendants (Hull, Conway, Buchanan, Department of Justice, United States of America, Pivnichy, Strom, Anderchak, Wisniewski, United States Post Office, Judge Hardiman, David Chobot and John Snyder) have moved to dismiss or for summary judgment (Docket #657[1]. Plaintiff[2] has responded and has himself moved for summary judgment (Docket #72). The court has determined to treat the Federal Defendants' motion as a motion for summary judgment (Docket #68), and directed plaintiff to respond appropriately. Plaintiff has responded (Docket #72) and the Federal Defendants have responded to plaintiff's cross-motion for summary judgment (Docket #77). The motions are ripe for disposition.

A.    **Legal Standard.**

Pursuant to Fed. Rule Civ. Proc. 56(c), summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will

---

[1]    The remaining named defendants have not yet been served with the amended complaint, and resolution of the pending motions does not address the claims made against the unserved defendants.

[2]    As the Federal Defendants point out, although the Amended Complaint lists "Vampire Nation, Hexagon LLC and Hexagon Records" as plaintiffs in this matter, these plaintiffs have made no specific allegations against the Federal Defendants or any other defendants and, as a result, they have no viable claims.

bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case.").  The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact.  Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Stated another way, "[w]here the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, at 587.  The inquiry, then, involves determining "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-52).  If a court concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted.  Anderson, 477 U.S. at 249-50.

A.      **Heck v. Humphries.**

Every allegation made by plaintiff against the Federal Defendants in this case necessarily implicates the validity of his federal conviction or the federal charges that were still pending at the time the complaint was filed.  Plaintiff may not raise such claims unless and until he receives a favorable ruling with respect to his conviction and/or the pending charges. Heck v.

- 4 -

Humphrey, 512 U.S. 477, 486-87 (1994).  This has clearly not occurred here, and the Federal

Defendants' motion for summary judgment should be granted.

In Heck, the plaintiff was convicted of voluntary manslaughter for killing his

wife, and he filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. §1983, seeking

damages for alleged constitutional irregularities during his state criminal trial.  The Supreme

Court reiterated the firmly entrenched rule that habeas corpus is the exclusive remedy for a state

prisoner who challenges the fact or duration of his confinement. Id. at 481 (citation omitted).

After reviewing its origin and history, the Court concluded that the Civil Rights Act was not

meant to provide a means for collaterally challenging the validity of a conviction through the

pursuit of money damages.  In so concluding, the Court announced the following rule.

> We hold that, in order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for other harm
> caused by actions whose unlawfulness would render a conviction
> or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C. §
> 2254.  A claim for damages bearing that relationship to a
> conviction or sentence that has not been so invalidated is not
> cognizable under § 1983.  Thus, when a state prisoner seeks
> damages in a § 1983 suit, **the district court must consider
> whether a judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if it would,
> the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been
> invalidated**.  But if the district court determines that the plaintiff's
> action, even if successful, will not demonstrate the invalidity of
> any outstanding criminal judgment against the plaintiff, the action
> should be allowed to proceed, in the absence of some other bar to
> the suit.

Id. at 486-87 (footnotes omitted)(emphasis added).

- 5 -

The Amended Complaint in this case does contain claims that properly sound under §1983, but these claims are addressed to the unserved defendants who are state actors. The claims relevant to the Federal Defendants are premised upon Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy similar to §1983 for persons deprived of constitutional guarantees by federal entities. The reasoning set forth in Heck, however, has been applied to Bivens claims. See Williams v. Hill, 74 F.3d 1339, 1341 (D.C.Cir.1996)(reasoning that Bivens claims and Section 1983 claims are similar and Heck applies to Bivens claims); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir.1995) (same); Zolicoffer v. Federal Bureau of Investigation, 884 F.Supp. 173, 175-76 (M.D.Pa.1995)(same); Almahdi v. Rodriguez, 2005 WL 1115209 (D.N.J. Apr 27, 2005) (barring Bivens claim pursuant to Heck ).  Therefore, unless and until plaintiff's federal conviction is reversed, expunged or held invalid (or until any pending charges are resolved in his favor), he cannot maintain a Bivens claim.  See Heck, 512 U.S. at 486-87(§ 1983 claim); Whitmore v. Harrington, 204 F.3d 784, 784-85 (8th Cir.2000) (Bivens action); Zolicoffer, supra.  Otherwise, this civil action would simply be a collateral review of his conviction, Zolicoffer, 884 F.Supp. at 175-76, or a preemptive ruling on pending charges which ruling ought to be made by the judge overseeing Banks' criminal prosecution.

Accordingly, all of plaintiff's claims against the federal defendants are barred under Heck as being collateral attacks on his federal conviction and/or pending federal charges.

**B.    Immunity.**

It should also be noted that any claim made against Judge Hardiman must also be dismissed for the additional basis that, as a federal judicial officer acting within the scope of this

authority, he is absolutely immune from a claim for damages. <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978).  Likewise, members of Judge Hardiman's staff (defendants Chobot and Snyder) are entitled to quasi-judicial immunity for their actions in this case, which are clearly actions taken at Judge Hardiman's direction.  <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 200 (1985).

Immunity from suit is also available for federal prosecutors Buchanan, Hull and Conway, who are alleged to have engaged in certain misconduct during the criminal proceedings against Banks.  They are immune for actions taken within the scope of their duties.  <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976).  And, finally, defendant Pivnichy is immune from suit since his alleged improper conduct occurred during sworn testimony in a criminal proceeding.  <u>Briscoe v. LaHue</u>, 460 U.S.; 325 (1983)(witnesses in federal trial entitled to immunity from suit for damages arising from testimony).

C.      **Banks' Motion.**

Plaintiff Banks, in the context of his response to the motion filed by the Federal Defendants, states that he is moving for summary judgment in his own right (Docket #72).  Banks does not, however, make any argument in support of this motion and, for the reasons set forth above, he clearly is not entitled to summary judgment in this case.

III.      <u>CONCLUSION</u>

Wherefore, on the basis of the foregoing, it is respectfully recommended that the Federal Defendants' motion for summary judgment  (Docket #67) be granted, and that plaintiff's cross-motion for summary judgment (Docket #72) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file

written objections to this report.  Any party opposing the objections shall have seven (7) days

from the date of service of objections to respond thereto.  Failure to timely file objections may

constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


Dated:   10 May, 2006

cc:      Hon. Gary L. Lancaster
         United States District Judge

         Frederick H. Banks
          #05711-068
         USP Canaan
         P.O. Box 300
         Waymart PA 18472-0800

         Megan E. Farrell
         Assistant United States Attorney
         United States Attorney's Office
         700 Grant Street
         Suite 400
         Pittsburgh, PA 15219