IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK H. BANKS; VAMPIRE NATION; HEXAGON LLC.; HEXAGON RECORDS,<br>                Plaintiffs,<br><br>vs.<br><br>3311 EAST CARSON STREET; PAUL HULL; BRENDAN T. CONWAY; MARY BETH BUCHANAN; TIMOTHY PIVNICHNY; JOHN DOE; ERIC STROM; DAVID ANDERCHAK; JOHN WISNIEWSKI; CYNTHIA REED EDDY; TORSTEN OVE; JOHNSON & EDDY; PITTSBURGH POST GAZETTE; U.S. POST OFFICE; DEPARTMENT OF JUSTICE; UNITED STATES OF AMERICA; THOMAS M. HARDIMAN; DAVID CHOBIT; J. SNYDER; 950 SECOND AVENUE; COUNTY OF ALLEGHENY, PENNSYLVANIA; RAMON RUSTIN; CALVIN LIGHTFOOT; FRED ROSMEYER; ROCKY FOWLER; MARY C. RUBIN; HENNE; ALBERT DEVLIN; and DAN ONORATO,<br>                Defendants. | Civil Action No. 04-1771<br>Judge Gary L. Lancaster<br>Magistrate Judge Amy Reynolds Hay<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Re: Dkt. Nos. [138]; [151]; [156] & [163] |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights action was received by the Clerk of Court on November 18, 2004, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's most recent Report and Recommendation, Dkt. [174], filed on May 24, 2007, recommended that the motion not to serve (Dkt. [138]) be granted; and that the

motion to vacate IFP (Dkt. [151] ) be granted as against Hexagon LLC and that the motion to dismiss filed by Eddy (Dkt. [156]) be granted and that the County Defendants's motion to dismiss (Dkt. [163]) be granted. The Report also recommended that all the claims against the Post Gazette Defendants be dismissed pursuant to the PLRA for failure to state a claim upon which relief can be granted.[1]  Service was made on the Plaintiff at FCC Yazoo City, Unit 2AU, Yazoo City, MS 39194. Plaintiff was informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, he had ten (10) days to file any objections. Plaintiff filed objections. Dkt. [175]. The Post Gazette Defendants filed a response to the objections. Dkt. [178]. The Court finds that none of the objections is persuasive and only several of them bear any specific mention.

Plaintiff first objects that the PLRA violates the "Equal Protection clause." Dkt. [175] at 1, ¶ 1.[2]  His entire argument is that the PLRA "violates the Equal protection clause because State

---

[1] One of Plaintiff's objections may be addressed summarily. He complains that the Report did not make clear whether it was recommending dismissal against the PG defendants based upon a failure to state a claim or a because the claim was frivolous. It is apparent from the Report's recitation of the PLRA standards, Dkt. [174] at 7, that the Report was recommending dismissal based upon a failure to state a claim. Id. ("In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)."). To the extent that Plaintiff complains the Report did not make clear the basis of the dismissal against other Defendants, the Report again in its recitation of the applicable legal standard made clear that it was dismissing based upon Fed.R.Civ.P. 12(b)(6) given that many of the Defendants had filed motions to dismiss for failure to state a claim.

[2] Plaintiff does not specify if he means the Equal Protection clause of the Fourteenth Amendment or the equal protection component of the Fifth Amendment Due Process clause. See, e.g., Adarand Constructors, Inc. v. Mineta, 534 U.S. 103, 105 (2001)("Six years ago in *Adarand Constructors, Inc. v. Peã*, 515 U.S. 200 (1995) *(Adarand I)*, we held that strict scrutiny governs whether race-based classifications violate the equal protection component of the Fifth Amendment's Due Process Clause."); Schlesinger v. Ballard, 419 U.S. 498, 500, n.3 (1975) ("Although it contains no Equal Protection Clause as does the Fourteenth Amendment, the Fifth Amendment's Due Process Clause prohibits the Federal Government from engaging in discrimination that is 'so unjustifiable as to be violative of due process.' *Bolling v. Sharpe*, 347 U.S. 497, 499 [1954]."). However, because Plaintiff is challenging a federal statute, i.e., the PLRA, he must be invoking the equal protection component of the Fifth Amendment's due process clause. International Science & Technology Institute, Inc. v. Inacom Communications, Inc,

2

Courts such as the Commonwealth of Pennsylvania Common Pleas Court do not require payment of the filing fees if in forma pauperis status is granted. Indigent inmates as opposed to non-indigent inmates as classes are being discriminated against in Federal Courts." Dkt. [175] at 1, ¶1. It is not entirely clear what Plaintiff is arguing. Either he could be arguing that his rights to equal protection are violated because whereas the PLRA requires prisoners in federal courts to pay filing fees even though granted pauper status, prisoners filing cases in state courts who have been granted pauper status such as in Pennsylvania Courts are not required to pay filing fees, which is what the first sentence seems to argue. Or he could be arguing that his equal protection rights are violated because indigent federal inmates are being treated differently from non-indigent federal inmates, as the second sentence appears to argue. As to the first argument, equal protection principles manifestly do not require the Federal Government and State Governments to enact identical laws and treat their respective citizens identically. In other words, the equal protection component of the Fifth Amendment requires the Federal Government to treat all similarly situated persons similarly under Federal law and the Fourteenth Amendment's equal protection clause requires that the State treat all similarly situated persons similarly under State law but the federal constitution's two equal protection guarantees do not require that the Federal government and State governments treat persons identically. See, e.g., Murray v. Bowen, 786 F.2d 940, 943 (9th Cir. 1986)("We see no violation of equal protection in treating state and federal relocation assistance payments differently. Since states are free to fashion their programs

---

106 F.3d 1146,1156 (4th Cir. 1997)("any equal protection challenge to a federal law must arise under the equal protection component of the Fifth Amendment's Due Process Clause, not the Fourteenth Amendment which applies only to states."). Ultimately, the governing legal standards under either the Fourteenth Amendment equal protection clause or the Fifth Amendment's equal protection component are the same. Schweiker v. Wilson, 450 U.S. 221, 226 n. 6 (1981)("[T]he Fifth Amendment imposes on the Federal Government the same standard required of state legislation by the Equal Protection Clause of the Fourteenth Amendment.").

any way they please, the federal authorities are not acting irrationally in excluding state payments that may or may not, in any one state, at any particular time, differ from federal payments. The equal protection clause does not require the Secretary to search the law of the fifty states to determine which relocation programs track the federal program, both in statutory language and judicial interpretation, and exclude those payments from the computation of income."). Put somewhat differently, prisoners filing suits in federal court simply are not similarly situated with prisoners filing suits in any particular state court, anymore than prisoners filing suit in one state court, which requires a filing fee of $100.00 are similarly situated to prisoners filing suit in another state court, which requires a filing fee of $300.00 or no filing fee at all. These differences in treatment between federal and state courts and these differences among state courts themselves are not violative of equal protection guarantees found in the Federal Constitution.

To the extent that Plaintiff is making the second argument, i.e., equal protection is violated because indigent inmates are being treated differently than non-indigent inmates, Plaintiff's objection is not well taken, given that indigent inmates who are filing suits in federal court are treated better than non-indigent inmates as both must pay the filing fee, only, indigent inmates get to pay over time whereas non-indigent inmates must pay all at once. Plaintiff has no standing to complain of lesser treatment. The real question should be does it violate the equal protection component of the Fifth Amendment that indigent inmates granted pauper status must pay fees overtime whereas non-inmates granted pauper status need not pay filing fees overtime. The answer is a resounding no. See, e.g., Nicholas v. Tucker, 114 F.3d 17, 19-20 (2d Cir. 1997) (the PLRA has rational basis and does not violate indigent prisoners' equal protection rights by requiring them, unlike nonincarcerated indigents, to prepay court filing fees; Act's filing fee provisions rationally address problem of excessive and frivolous prisoner lawsuits, and inmates

4

are not suspect class so as to require more exacting scrutiny). Accordingly, Plaintiff's equal protection challenge is overruled.

Plaintiff next challenges the Report's recommendation that Hexagon LLC be dismissed as a party plaintiff. The Report recommended that Hexagon LLC be dismissed as a party plaintiff because it could not be granted pauper status (even though it was improperly granted IFP status initially) and it could not proceed except by counsel. First, Plaintiff objects that, although he is not an attorney, he may represent Hexagon LLC before this court because he has a contract to do so, citing Mutual Assignment and Indemnification Co. v. Lind-Waldock & Co., LLC, 364 F.3d 858 (7th Cir. 2004). We do not read that case to permit plaintiff to represent Hexagon LLC even if Plaintiff and Hexagon LLC had a contract permitting Plaintiff to do so. There is nothing in that case which holds that a contract may permit a non-attorney to represent an LLC in a court of law even though a contract purportedly permits it. In fact, the case stands for the proposition that a non-attorney may not do so. Id., at 860 ("Maydak [with whom Plaintiff has apparently associated himself, see e.g., Banks v. County of Allegheny, No. 05-781 (W.D. Pa.)] is no attorney and lacks authority to pursue litigation on behalf of anyone other than himself."). Accordingly, this argument is rejected.

Plaintiff also argues that it was improper to dismiss Hexagon LLC before there was a chance to request the court to appoint counsel for Hexagon LLC. Dkt. [175] at 1, ¶5. However, "the Court is not authorized to appoint counsel to a corporation because only natural persons may qualify for the benefit of the pro bono counsel appointment provisions of 28 U.S.C. § 1915(e)(1)." Kingvision Pay-Per View Ltd. v. DeJesus,, No. 05CV 3682, 2006 WL 941804, at *3 (E.D.N.Y. April 12, 2006). Accord Collazo v. Lebron, No. 04 Civ. 110, 2004 WL 725642, at *1 (S.D.N.Y., April 2, 2004)("this Court is not authorized by § 1915(e)(1) to request the

appointment of pro bono counsel for the corporate plaintiff."). Cf . United States v. Unimex, Inc., 991 F.2d 546 (9th Cir. 1993)(in a criminal case where the corporation was a defendant, the Court held that "corporations have a right to counsel, but no right to appointed counsel, even if they cannot afford to retain their own"). Accordingly, this argument is unpersuasive. Hence, Plaintiff's objection to the dismissal of Hexagon LLC as a party plaintiff is overruled.

Plaintiff objects that the Report should not have addressed Plaintiff's state law tort claims of interference in a contractual relationship which he brought against Attorney Eddy. The court does not read the Report to dismiss the state law claims against Attorney Eddy. Reading the Report, it appears that the Report recommends dismissal of all federal law claims against Eddy and recommended denying supplemental jurisdiction over the state law claims. Dkt. [174] at 24. Accordingly, the objection is not well founded.

Plaintiff also objects that he was entitled to amend his complaint under Fed.R.Civ.P. 15 because "he sought such amendment before Defendants responded to the complaint." Dkt. [175] at 1, ¶ 2. Plaintiff was not entitled to amend his complaint as of right any more than he did, given that an original complaint was filed, Dkt. [5] and an amended complaint was filed by him, Dkt. [24]. See Fed.R.Civ.P. 15. This is so even if no responsive pleading had been filed at the time he sought to file yet a second amended complaint. 27A Fed. Proc., L. Ed. § 62:268 ("The Rule allows only one amendment as of right. As a result, if a party wishes to file a second amendment before a responsive pleading had been served, he may do so only with leave of the court or with the consent of the adverse party."). To the extent that Plaintiff is arguing the Magistrate Judge erred in denying him leave to amend his complaint, Dkt.[ 61], and/or in striking his "supplements" to his complaint, Dkt. [51], Plaintiff should have appealed any such orders at

6

the time they were issued, which he did not do, and may not now be heard to complain of such in objections to the Report and Recommendation.

Lastly, Plaintiff objects that the Report was not accompanied by a certificate of service. Dkt. [175] at 2, ¶ 11. There is no such requirement. The certificate of service is required to be filed with the court not by the court. See Fed.R.Civ.P. 5(d). In any event, Plaintiff clearly received the Report given his objections.

Any objection not specifically addressed herein, has been found to be unpersuasive and/or adequately answered by the Report itself or not needing an answer.

After review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW**, this 26th day of June, 2007;

**IT IS HEREBY ORDERED** that the motion not to serve (Dkt. [138]) is **GRANTED** and that the motion to vacate IFP (Dkt. [151]) is **GRANTED** as against Hexagon LLC. It is further ORDERED that the motion to dismiss filed by Eddy (Dkt. [156]) is **GRANTED** to the extent it seeks dismissal of all federal law claims and it is ordered that the County Defendants's motion to dismiss (Dkt. [163]) is **GRANTED**. All the claims against the Post Gazette Defendants are DISMISSED for failure to state a claim pursuant to the PLRA.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [174] filed on May 24, 2007, by Magistrate Judge Hay, is adopted as the opinion of the court as modified by this Memorandum Order. The Court declines to exercise supplemental jurisdiction over any state law claims. The Clerk is ordered to mark the case closed.

Lastly, the court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

_Gary L. Lancaster_
United States District Judge

cc: Honorable Amy Reynolds Hay
    United States Magistrate Judge

    Frederick Banks
    # 05711-068
    FCC Yazoo City (Low)
    P.O. Box 5000
    Yazoo City, MS 39194

    All Counsel of record via electronic notification